## CIRCUIT COURT OF THE CITY OF RICHMOND

Jefferson Loan Office, Inc.

v.

Midlothian Electronics, Inc.

September 22, 1993

Case No. LW-1586

BY JUDGE T. J. MARKOW

This case came before the court on August 20, 1993, for argument on demurrer. The court took the matter under advisement. The court has now considered all the submissions of the parties, and is prepared to rule.

The alleged facts, taken as true for purposes of this demurrer, reveal that the plaintiff entered into a written contract for the defendant to hook up and install a computer chip in a security system owned by plaintiff and located in a building complex which was under a purchase contract to plaintiff. The parties further contracted that defendant would provide twenty-four hour monitoring of the security system.

On the evening of May 2, 1993, defendant reported to plaintiff that it was receiving an alarm signal from the building complex. After responding to the alarm, an employee of the plaintiff unsuccessfully attempted to reactivate the security system. Despite defendant's assurances to plaintiff that the system had been reactivated, the system was in fact turned off. Several hours later, in the early morning of May 3, 1993, an unknown person or persons broke into the building complex, stole personal property and caused physical damage to the premises.

The motion for judgment asserts a breach of contract claim in Count I and a negligence tort claim in Count II. The contract claim alleges that defendant breached its contractual obligations by failing to provide the twenty-four hour monitoring service. (Motion for Judgment at 5–6.) The tort claim, which seeks punitive damages, alleges that de-

fendant "failed to use ordinary care to protect [Jefferson's] property," and was therefore negligent. (Motion for Judgment at 6–7.)

Defendant demurs to the negligence tort claim, arguing that plaintiff has not alleged the existence or breach of any duty that will support a tort claim and that any duty on defendant's part to monitor the security system arises from the parties' contract. Plaintiff counters that defendant represents to the public that it provides "peace of mind" and possesses the level of professional skill to protect against harm to its customers' property. Plaintiff further argues that once defendant agreed to perform, a duty arose to perform with due care. Therefore, plaintiff contends, defendant is liable in tort for failing to properly protect plaintiff's property.

Under Virginia law, a tort claim normally cannot be maintained in conjunction with a breach of contract claim. *A & E Supply Co. v. Nationwide Mutual Fire Ins.*, 798 F.2d 669, 671–71 (4th Cir. 1986), *cert. denied*, 107 S. Ct. 1302 (1987); *Kamlar Corp. v. Haley*, 224 Va. 699 (1983). An exception arises where a party establishes an independent, willful tort "that is factually bound to the contractual breach but whose legal elements are distinct from it." *A & E Supply Co.*, 798 F.2d at 672. A breach of contract will give rise to a tort claim where the defendant's conduct violates a common law duty owed to the plaintiff independent of the parties' contractual relationship. *Foreign Mission Board v. Wade*, 242 Va. 234, 240–41 (1991).

Plaintiff fails to allege that defendant owed or breached any common law duty independent of the parties' contract. Rather, this action is based on the relationship arising out of the parties' contract. Any duty that defendant owed to plaintiff arises solely by virtue of the contract. Simply stated, but for the contract, no duty by defendant to plaintiff would have existed. Any breach of the defendant's contractual duties would constitute a breach of the contract, and would not give rise to tort liability, even if done willfully. *See Kamlar Corp.*, *supra*. Accordingly, the demurrer as to the negligence count, including the claim for punitive damages, is sustained.

The court need not reach the issue raised in the demurrer regarding plaintiff's claim for punitive damages in excess of the statutory cap of $350,000 set forth in Va. Code Ann. § 8.01–38.1. However, this issue would be dictated by *Etheridge v. Medical Center Hospitals*, 237 Va. 87 (1989), which stated that the statutory cap limits the amount which may be recovered, not the amount which may be asserted and proven.

Defendant further demurs that plaintiff's recovery of damages for breach of contract as alleged in Count I is limited to the limitation of liability of $500.00 provided in the parties' contract. Although this contention is not a proper basis for a demurrer, the parties have sought the court's construction of the parties' contract on the issue of whether it limits defendant's liability to $500.00.

The parties' contract provides a limitation of liability clause, which, in pertinent part, reads "[i]f notwithstanding the above, there arises any liability on the part of Seller for damages sustained because of injury arising out of the installation, repair, monitoring and/or consultation with respect to the sale or lease of security and/or alarm systems, such liability shall not exceed five hundred dollars ($500.00)."

Under well established rules of contract construction, where a written contract is complete on its face and plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself. *E.g., Globe Iron Constr. Co. v. First Nat'l Bank*, 205 Va. 841 (1965). Where there is no ambiguity in a contract clause, the court must construe it as written. *E.g., Quillen v. Titus*, 172 Va. 523 (1939).

The contract unambiguously limits defendant's liability for "damages sustained because of injury arising out of the installation, repair, monitoring and/or consultation *with respect to the sale or lease of security and/or alarm systems* . . . ." (emphasis added). This clause limits defendant's liability only upon the occurrence of a "sale or lease of security and/or alarm systems."

Defendant neither sold nor leased to plaintiff a security or alarm system; the parties' contract is not a contract for the "sale or lease of security and/or alarm systems." Rather, defendant "hooked up," installed a computer chip, and monitored a security system owned by plaintiff; the contract is entitled "Service Contract." Because no sale or lease occurred, the provision in the parties' contract limiting defendant's liability does not apply to the facts as pleaded, and therefore does not limit defendant's liability to $500.00.

For the foregoing reasons, the demurrer that plaintiff has not alleged a tort claim under Virginia law and cannot recover punitive damages is sustained. Further, the court finds that the limitation of liability clause in the parties' contract does not limit defendant's liability to $500.00 under the facts as pleaded. There is no basis for leave to amend.